UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KELVIN C. THOMPSON, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:19-CV-2110-CDP |
| SOCIAL SECURITY ADMINISTRATION, | ) ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Kelvin C. Thompson[1] for leave to proceed in forma pauperis in this civil action. Upon consideration of the motion and the financial information provided in support, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, the Court will dismiss the complaint.

### **Standard of Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*,

---

[1] This case is one of many that plaintiff has filed in this Court since July 11, 2019: *Thompson v. SS Administrative Office,* No. 4:19-CV-1922-SNLJ (Jul. 11, 2019); *Thompson v. Soc. Sec. Admin.*, 4:19-CV-2115-CDP (filed Jul. 22, 2019); *Thompson v. FBI*, 4:19-CV-2134-SNLJ (filed Jul. 23, 2019); *Thompson v. Creve Coeur Police Dep't*, No. 4:19-CV-2138-SNLJ (filed Jul. 24, 2019); *Thompson v. St. Louis Metropolitan Police,* No. 4:19-CV-2139-SRC (filed Jul. 24, 2019); *Thompson v. Eckles*, No. 4:19-CV-2145-AGF (filed Jul. 25, 2019); *Thompson v. St. Louis Metropolitan Police,* No. 4:19-CV-2300-CDP (filed Aug. 5, 2019); *Thompson v. Marcantano*, No. 4:19-CV-2301-CAS (filed Aug. 5, 2019); *Thompson v. Normandy Police Dep't*, 4:19-CV-2307-SPM (filed Aug. 6, 2019); *Thompson v. Ferguson Police Dep't*, No. 4:19-CV-2308-SNLJ (filed Aug. 6, 2019); *Thompson v. Cool Valley Police Department,* No. 4:19-CV-2309-JAR (filed Aug. 6, 2019); *Thompson v. Harrison*, 4:19-CV-2312-HEA (filed Aug. 7, 2019); and *Thompson v. Federal Bureau of Investigation,* No. 4:19-cv-2355-SNLJ (filed Aug. 15, 2019).

490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In determining whether a complaint states a plausible claim for relief, a court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 555).

The term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 328. While federal courts should not dismiss an action commenced in forma pauperis if the facts alleged are merely unlikely, the court can properly dismiss such an action if it finds the allegations in the complaint are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke,* 490 U.S. 319). Allegations are clearly baseless if they are "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.*

**The Complaint**

Plaintiff brings this action against the Social Security Administration ("SSA"). He invokes this Court's federal question jurisdiction, and states his claims arise under Titles VI and VII of the Civil Rights Act, the Civil Rights Act of 1866 (§ 1981), the Age Discrimination Act, the Americans With Disabilities Act, the Rehabilitation Act, and 18 U.S.C. §§ 241, 242 and 245.

Plaintiff alleges he visited a Social Security office in July of 2019 to inquire about benefits he had not received. On one occasion they called the St. Louis City Police Department, and officers came to intimidate and harass him. On another occasion, a representative typed and looked at a screen without responding. Plaintiff told the representative that every time he visited

2

he got a person who acted like they were typing something but nothing was ever updated in the system, and the representative frowned and smirked. Fearing for his safety, plaintiff left the office. Plaintiff writes:

> On July 19, 2019 I checked social security administration online site and nothing had been processed. This denial of federal entities, people impersonating federal employees, and the conspiracy to deny me my benefits has caused me extreme mental anguish, loss of sleep and put me in a depressive state a financial dire straits. I feel that these civil rights violations are racist and discriminatory in nature based on my race, disability, age and gender since I am an African American and a male. The one social security official even had the audacity to ask was I of full retirement age and questioned my entitlement to social security benefits like I'm stealing or don't deserve it. Would she have asked a disabled veteran white man or woman that? Probably not! Furthermore, they continue to refuse my rights to speak with a supervisor and schedule an appointment to talk with someone in person. I have asked to speak with a supervisor and to schedule an appointment to speak with someone on both July 15, 2019 and July 17, 2019 to no avail. This is blatant KKK Klan type racism, discrimination, harassing and conspiracy issues and civil rights violations. In the year 2019 in America after the enactment of major federal laws to protect all U.S. citizens and Americans civil rights, hatred and racism is still rampant even on the federal level which is a travesty for all America. However, minorities like myself are subjected to the bulk of the discrimination hands down per national statistics.

In a supplemental document, plaintiff alleges he visited a SSA office and was denied services, and "people impersonating social security workers were again committing crimes of wire fraud, mail fraud, conspiring against me by blocking my federal entitlement and violating my civil rights for fair and just treatment without harassment or discrimination." In another supplemental document, plaintiff alleges he was refused service at a SSA office, and was not allowed to see a supervisor. Plaintiff states that the "people impersonating SSA employees need to be fired, reprimanded and imprisoned. One or several of the workers are also conspiring together and are wire transferring my federal entitlement to their own personal accounts." He states he still has not received his benefits.

Plaintiff seeks monetary relief, and he writes: "I want the Court to hold the social security office, its employees, individuals impersonating SS Administration employees accountable for their part in these civil rights violations and crimes."

**Discussion**

Plaintiff states his claims arise under various federal laws. However, none are availing. There is no indication plaintiff had an employment relationship with the defendant or any person mentioned in the complaint; therefore Title VII of the Civil Rights Act is inapplicable. Plaintiff does not allege he suffers from a disability, nor does he set forth non-conclusory allegations that he is a member of a protected class or that the defendant purposefully and intentionally discriminated against him because of his race, color or national origin. Therefore, the ADA, Title VI of the Civil Rights Act, the Rehabilitation Act, and § 1981 are unavailing. Sections 241-242 and 245 of Title 18 are criminal statutes that provide no basis for any private cause of action. *See U.S. v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998) ("Courts have repeatedly held that there is no private right of action under [18 U.S.C.] § 241 . . ."); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (stating that only a United States prosecutor can bring a complaint under 18 U.S.C. §§ 241-242); *Roberson v. Pearson*, 2012 WL 4128303, *1 (D. Minn. 2012) (18 U.S.C. § 245 is a federal criminal statute that does not provide for a private right of action). Also, plaintiff does not have a legally cognizable interest in having another person arrested or charged with a crime, nor can this Court compel a criminal prosecution. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

Additionally, this action is barred by the doctrine of sovereign immunity. An action brought against a federal agency like the SSA is essentially one brought against the United

States. "To sue the United States, [a plaintiff] must show both a waiver of sovereign immunity and a grant of subject matter jurisdiction." *V S Ltd. Partnership v. Department of Housing and Urban Development*, 235 F.3d 1109, 112 (8th Cir. 2000). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed" by Congress. *United States v. King*, 395 U.S. 1, 4 (1969).

A limited waiver of sovereign immunity permitting review of the denial of social security disability exists in 42 U.S.C. § 405(g). In relevant part, that statute provides: "Any individual after any final decision of the Commissioner made after a hearing to which he was a party . . . may obtain judicial review of such decision by a civil action . . ."). Here, plaintiff does not allege, nor is it apparent, that he intends to challenge a final decision of the Commissioner of Social Security. Instead, he attempts to bring claims against the SSA for compensatory and punitive damages, and to have SSA employees fired, fined and arrested. Plaintiff has not demonstrated waiver of sovereign immunity relative to such claims.

This action is also subject to dismissal because plaintiff's factual allegations are frivolous and fail to state a plausible claim for relief. As described above, plaintiff's claims are based upon allegations that individuals impersonated social security workers and conspired to commit crimes, deny him services and steal his benefits. These allegations are "clearly baseless" as defined in *Denton*, 504 U.S. 25. Plaintiff's allegations are also the sort of "the defendant unlawfully harmed me" accusations that the Supreme Court has found deficient. *Iqbal*, 556 U.S. at 678.

For all of the foregoing reasons, this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (ECF No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 22nd day of August, 2019.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE